IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:04CR309 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ARMANDO LARA-SALDANA | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on initial review of Defendant's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (§ 2255 motion) (Filing No. 47).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

The defendant pleaded guilty to Count I of the Information charging him with conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, and Count II charging him with criminal forfeiture in violation of 21 U.S.C. § 853. The defendant did not file a direct appeal.

In his § 2255, motion defendant alleges four grounds for relief that are all based on defendant's contention that he was erroneously deprived of a three-point reduction in his offense level for acceptance of responsibility.

## DISCUSSION

Aside from the issues of waiver, timeliness and procedural default, the record refutes defendant's arguments on their merits. The Revised Presentence Investigation Report (PSR), which was accepted by the court, clearly accounted for the three-point adjustment for acceptance of responsibility.  (Filing No. 43.)  Moreover, there is nothing in the plea agreement stating that the government would seek a downward departure in defendant's sentence for cooperating with the government.  (Filing No. 27.)  And even if defendant did cooperate with the government, it is within the government's discretion to determine whether to seek a sentencing departure on that basis.  Fed. R. Crim. P. 35(b). Therefore, it appears plainly from the face of the § 2255 motion and the record that the defendant is not entitled to relief with respect to his claims.  The claims are denied.

IT IS ORDERED:

1. That the defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 47) is denied;

2. A separate Judgment will be entered; and

3. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

DATED this 22nd day of December, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge

2